IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MONTROI O. HATCHER,<br><br>　　　　Defendant. | Case No. 3:20-CR-30145-NJR-1 |

# ORDER

**ROSENSTENGEL, Chief Judge:**

　　Before the Court are two seemingly identical pro se motions by Defendant Montroi O. Hatcher requesting a sentence reduction under Part A of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Docs. 54, 55). Hatcher pleaded guilty to one count of Distribution of Fentanyl under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and is serving a 60-month sentence in custody of the Bureau of Prisons. (Doc. 52). He contends that his sentence should be reduced because an unspecified prior conviction was an "inchoate offense," which, in his view, could not support his criminal history score of three. Hatcher also argues that he is entitled to a sentence reduction under 18 U.S.C. § 3553(f) (known as a statutory "safety valve"), which permits courts to reduce mandatory minimum sentences in certain cases. For the following reasons, the Court finds that Hatcher is not entitled to a sentence reduction.

　　In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history

points and who committed the offense of conviction while under any criminal justice sentence receives one status point. A defendant who has six or fewer criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. These changes apply retroactively. *See* U.S.S.G. § 1B1.10(e)(2).

Hatcher received no "status points" at sentencing because he did not commit the instant offense while under a criminal justice sentence. Accordingly, Amendment 821 provides no basis for a sentence reduction. Hatcher's contention that a prior conviction was an "inchoate offense" is irrelevant. According to the Presentence Investigation Report, which the Court adopted in full, Hatcher pleaded guilty to Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Cocaine Base in 2007. *See* (Doc. 40 at p. 8). He was sentenced to 120 months' imprisonment, thus making him eligible for three criminal history points under U.S.S.G. § 4A1.1(a) (three-point addition triggered by "each prior sentence of imprisonment exceeding one year and one month."). *Id.* This resulted in a criminal history category of II—a result that is unmodified by Amendment 821.

Hatcher's 60-month sentence, moreover, was the mandatory minimum sentence required under 21 U.S.C. § 841(b)(1)(B). (Doc. 53). This presents another obstacle to Hatcher's invocation of Amendment 821 because "[w]hen the sentencing guidelines are amended, a district court may reduce a prisoner's sentence only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Trapps*, 289 F. App'x 953, 953 (7th Cir. Aug. 22, 2008) (quoting 18 U.S.C.

§ 3582(c)(2)). And when a defendant is subject to a mandatory minimum sentence, a Sentencing Guideline modification does not displace the mandatory minimum sentence. *See* U.S.S.G. § 1B1.10 Commentary, Application Note 1(A) ("[A] a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., *a statutory mandatory minimum term of imprisonment*)" (emphasis added); *United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008) ("While the sentencing guidelines may be only advisory for district judges, congressional legislation is not."). Hatcher's 60-month sentence is thus unaffected by Amendment 821 or any other Guideline modification.

Hatcher nevertheless believes he should receive a reduced sentence because 18 U.S.C. 3553(f) offers him a "safety valve" that displaces the mandatory minimum sentence. This too is incorrect. The safety valve provision "create[s] more flexibility in sentencing by permitting courts to sentence below the minimum sentences fixed by statute." *United States v. Syms*, 846 F.3d 230, 235 (7th Cir. 2017). But it applies only when the Court makes specific findings at sentencing about the nature of the offense and the defendant's criminal history. Among other things, a defendant may not have "a prior 3-point offense, as determined under the sentencing guidelines." 18 U.S.C. 3553(f)(1)(B). Hatcher, as noted, did have a prior 3-point offense based on his 2007 conviction for Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Cocaine

Base. That is enough to disqualify him from safety valve relief under section 3553(f). *United States v. Pace*, 48 F.4th 741, 751-56 (7th Cir. 2022). Thus, section 3553(f) does not help him.

For these reasons, Hatcher's motions for a sentence reduction under Amendment 821 (Docs. 54, 55) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 23, 2025**

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**